UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LESSER FINANCIAL
ENTERPRISES, LLC,

    Plaintiff,

v.                                                         Case No.:  2:22-cv-335-JLB-KCD

S/V LA SONANTA,

    Defendant.
_____/

## ORDER[1]

Before the Court is Plaintiff Lesser Financial Enterprises, LLC's Motion for Default Judgment against Defendant S/V La Sonata. (Doc. 29.)[2] Having reviewed the motion and pleadings, the Court finds that Lesser Financial Enterprises, LLC ("LFE") has failed to establish that it is entitled to the relief sought. Thus, the Court denies the motion for default without prejudice.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

## I. Background

In this maritime case, LFE provided a loan to La Sonata Enterprises, LLC ("Debtor"). A vessel, S/V La Sonata, served as collateral for the loan. (Doc. 11 at 2.) LFE secured its interested in the vessel with a recorded Preferred Ship Mortgage. (*Id.*)

When Debtor failed to make its obligated payments, LFE sued. (*Id.*) It also seized the vessel. (Doc. 12, 13.) LFE complied with all service and notice requirements, but neither Debtor nor any other potential claimants appeared. Thus, the clerk entered default and LFE now moves for a final judgment. (Doc. 29 at 3–5.)

LFE seeks the outstanding balance of the lien, storage fees and related costs, and attorney's fees. (Doc. 29 at 11.) LFE also asks the Court to award it title to the vessel, free and clear. (*Id.*)

## II. Legal Standard

The Supplemental Rules apply here because it is a maritime suit *in rem*. Rule A. Scope of Rules, 2 Federal Rules of Civil Procedure, Rules and Commentary Appendix C RULE A(1)(A)(ii). The Federal Rules of Civil Procedure also apply unless they conflict with the Supplemental Rules. *Id.* at A(2).

Under these statutes, the Court may enter default judgment against a party who was properly served but failed to appear or respond. Fed. R. Civ. P.

55(b)(2). But a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). It is instead merely an admission of the facts cited in the complaint, which by themselves may or may not be sufficient to establish liability.

Thus, even when there is a default, "the Plaintiff bears the burden of demonstrating that it is entitled to the relief it seeks." *Branch Banking & Tr. Co. v. Recon Test Equip., Inc.*, No. 619CV624ORL78LRH, 2019 WL 13064728, at *2 (M.D. Fla. Nov. 26, 2019). "[A] plaintiff seeking default judgment must show the Court what [his] damages are, how they are calculated, and where they come from." *PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp. 2d 1287, 1294 (S.D. Ala. 2010). Put simply, when considering a motion for default judgment, the Court considers whether the pleadings provide a sufficient basis to award the relief sought. *Bank of Am., N.A. v. M/V Triple Threat*, No. 3:13-CV-592-J-39JBT, 2014 WL 12872703, at *2 (M.D. Fla. Apr. 16, 2014), *report and recommendation adopted,* No. 3:13-CV-592-J-39JBT, 2014 WL 12872720 (M.D. Fla. June 13, 2014).

### III. Discussion

LFE has failed to prove it is entitled to two forms of the relief requested. First, LFE seeks title to the vessel, free and clear, citing Supplemental Rule D and *Trueman v. Historic Steamtug NEW YORK*, 120 F. Supp. 2d 228 (N.D.N.Y.

3

2000). (Doc. 29 at 8–10.) According to these sources, a vessel's title may be transferred by operation of contract and enforced through a petitory suit. *Trueman*, 120 F. Supp. 2d at 232–33. The Court agrees with these principles of law—parties may generally contract for any remedy they like, including transfer of title upon default. But LFE fails to identify language in its mortgage agreement that creates such a right here. LFE shows where the mortgage allows it to "receive or to take possession" of the vessel (Doc. 29 at 9), but that is far different from a right to title. Thus, LFE has not shown entitlement to the title of the vessel.

Second, LFE demands attorney's fees but provides no authority that allows fees upon default. "It is not the Court's responsibility to sift through and interpret the [record] to determine whether [LFE] is entitled to" this relief. *Branch Banking & Tr. Co.*, 2019 WL 13064728, at *2. Without pointing to some authority that allows attorney's fees, LFE's claim is a mere legal conclusion from which the Court cannot find a sufficient basis for default judgment. *Id.* (rejecting request for attorney's fees on default where the plaintiff had "not pointed to any provision of the [parties' agreement] that entitles[d] it to recover attorney fees").

As deserving as LFE may be to a final judgement, it cannot expect the Court to pore over the record and search for authority supporting its requested relief. This would impermissibly turn the Court into an advocate for LFE. *See*

*Reaves v. Sec'y, Fla. Dep't of Corr.*, 872 F.3d 1137, 1149 (11th Cir. 2017) ("[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties."); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("With a typically heavy caseload and always limited resources, a district court cannot be expected to do a petitioner's work for him.").

For these reasons, it is **ORDERED** that:

1. Plaintiff's Motion for Default Judgment is **DENIED without prejudice**;
2. Plaintiff is granted leave to file a renewed motion for default judgment within 14-days of this order;
3. The failure to file a renewed motion for default judgment in the time provided may result in a recommendation that the case be dismissed for a failure to prosecute.

**ENTERED** in Fort Myers, Florida this September 12, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies: All Parties of Record